**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-13783

Non-Argument Calendar

————————————

ROBERT MARVIN HARRIS,

*Petitioner-Appellant,*

*versus*

WARDEN, FCC COLEMAN USP I,

*Respondent-Appellee.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:23-cv-00366-PGB-PRL

————————————

Before WILLIAM PRYOR, Chief Judge, and LUCK and LAGOA, Circuit Judges.

PER CURIAM:

Robert Harris appeals *pro se* the denials of his post-judgment motion to amend his petition for writ of habeas corpus, 28 U.S.C.

§ 2241, and his Federal Rule of Civil Procedure 59(e) motion for reconsideration. We affirm.

In 1999, Harris was convicted of conspiring to import and possessing with intent to distribute cocaine and marijuana and sentenced to concurrent terms of 600 months of imprisonment. In 2000, he was convicted of conspiring to distribute cocaine, conspiring to commit money laundering, and maintaining a place to manufacture and distribute crack cocaine and was sentenced to a concurrent life term. In 2001, he filed a motion to vacate, 28 U.S.C. § 2255, which the district court denied with prejudice. He later filed other motions to vacate, which were dismissed as successive.

In 2023, Harris filed an amended petition for a writ of habeas corpus that raised 13 grounds for relief. *Id.* § 2241. Six grounds concerned his 1999 convictions: the district court improperly enhanced his sentence, the statute of conviction did not prohibit his conduct, the district court improperly ordered forfeiture, and his trial and appellate counsel were ineffective. Five grounds concerned his 2000 convictions: his indictment did not specify a drug quantity, his convictions violated the Double Jeopardy Clause and were unsupported by sufficient evidence, and his trial and appellate counsel were ineffective. In two grounds, he sought jail credit and good-time credit.

The district court dismissed the petition for lack of jurisdiction but ruled on only four claims. It ruled that it lacked jurisdiction because the saving clause, *see* 28 U.S.C. § 2255(e), allows challenges

to sentences under section 2241 only when a motion to vacate under section 2255 is an inadequate or ineffective remedy to test the legality of detention, and Harris failed to satisfy that standard.

We vacated and remanded for the district court to consider all Harris's claims. *See Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc). On remand, the district court dismissed with prejudice the eleven claims challenging his 1999 and 2000 convictions for lack of jurisdiction because they challenged the validity of his convictions and sentences and could have been tested in a motion to vacate. It ruled that he was statutorily ineligible for good-time credit while serving a life sentence and his argument regarding jail credit depended on his life sentence being recalculated based on his success in challenging his underlying convictions. We vacated and remanded with instructions to dismiss without prejudice the claims where the district court lacked jurisdiction and otherwise affirmed.

Harris filed a motion to amend his petition in the district court. He argued that the law-of-the-case doctrine did not bar reconsidering whether he satisfied the saving clause because our opinion was "silent" on the issue. He also argued that his earlier filing of a motion to vacate did not bar considering whether he satisfied the saving clause. He reiterated that federal prisoners could file a petition under section 2241 if the remedy under section 2255 was inadequate, and he maintained that he lacked an adequate remedy in his original motion to vacate. The district court denied his motion, and it denied his later motion for reconsideration.

We review the denial of leave to amend a habeas petition for abuse of discretion. *See Pelmer v. White*, 877 F.2d 1518, 1523 (11th Cir. 1989). A district court cannot grant leave to amend a habeas petition no longer before it. *Boyd v. Sec'y, Dep't Corr.*, 114 F.4th 1232, 1237 (11th Cir. 2024). A habeas petition is no longer before a district court after it has entered final judgment. *Id.* at 1236. Under the law-of-the-case doctrine, courts will not reconsider issues necessarily decided during a prior appeal in the same case. *Thomas v. United States*, 572 F.3d 1300, 1303 (11th Cir. 2009). We likewise review denials of motions for reconsideration under Federal Rule of Civil Procedure 59(e) for abuse of discretion. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). A motion under Rule 59 cannot be used to relitigate issues or to raise issues that the movant could have presented before entry of judgment. *Id.*

The district court did not abuse its discretion by denying Harris's motions to amend or for reconsideration. His argument about the saving clause was barred by the law-of-the-case doctrine. *Thomas*, 572 F.3d at 1303. And the district court could not permit Harris to amend his petition after it already had entered judgment. *Boyd*, 114 F.4th at 1236-37. The district court also did not abuse its discretion in denying Harris's motion to reconsider, which sought to relitigate those issues. *See Arthur*, 500 F.3d at 1343.

We **AFFIRM** the denial of Harris's motions.